# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2021

Lyle W. Cayce
Clerk

No. 20-60555
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLOIST JIMISON, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:08-CR-11-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Cloist Jimison, Jr., federal prisoner # 09535-043, was sentenced in December 2019 to 18 months of imprisonment upon revocation of supervised release; the sentence was ordered to run consecutively to the 60-month term of imprisonment imposed in a separate criminal case, also in the Southern

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60555

District of Mississippi. The December 2019 revocation was Jimison's third revocation of supervised release since his 2008 conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On appeal, Jimison challenges the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 404, 132 Stat. 5194. He argues that the district court was not limited by the examples set forth in U.S.S.G. § 1B1.13 (p.s.) and its commentary of what constitutes extraordinary and compelling circumstances, and that the district court erred by failing to recognize that the COVID-19 pandemic constitutes an extraordinary and compelling reason for granting compassionate release. He further argues that his family's financial situation, which he notes may not be extraordinary and compelling by itself, is complicated by the economic hardship caused by the pandemic. Jimison also has filed a motion seeking release to home confinement due to COVID-19, although he cites no authority, statutory or otherwise, by which an appellate court may reduce a federal prisoner's sentence.

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Although district courts are not constrained by § 1B1.13 and its commentary when addressing such a motion, *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021), the district court did not treat § 1B1.13 as dispositive of what factors can constitute extraordinary and compelling reasons for a sentence reduction. Rather, the district court acknowledged that even if courts could consider reasons other than those expressly listed in the commentary to § 1B1.13, Jimison failed to establish extraordinary and compelling reasons for a sentence reduction, and he failed to show that the 18 U.S.C. § 3553(a) factors weighed in favor of his early release.

2

No. 20-60555

Because the record does not reflect that the district court based its decision to deny Jimison's motion "on an error of law or a clearly erroneous assessment of the evidence" before it, *Chambliss*, 948 F.3d at 693 (internal quotation marks and citation omitted), the district court's order is AFFIRMED. The motion for release to home confinement is DENIED.